(Opinion published 52 N. W. Rep. 523.)

---

## Elon G. Holmes *vs.* Austin Corbin *et al.*

Submitted on briefs May 31, 1892.    Decided June 15, 1892.

**Continuance.**

> Under the circumstances disclosed by the record in this case, *held*, that there was no abuse of discretion by the trial court in denying defendants' application for a continuance.

Appeal by defendant Austin Corbin, from an order of the District Court of Becker County, *Mills*, J., made November 9, 1891, denying his motion for a new trial.

The plaintiff, Elon G. Holmes, commenced this action in December, 1890, under the statute to determine the adverse claim of defendant to eighty acres of vacant and unoccupied land near Detroit, in Becker county. Issue was joined therein, and the action was on the calendar for trial at the January Term, 1891. On motion of de-

v.50m.—14

fendant it was postponed to the next term, to enable him to take the depositions of witnesses in the city of New York. Not until June 18, 1891, were any steps taken to procure such depositions; on that day notice was served that they would be taken on July 3d, but the taking was on that day postponed to July 7th, on which day the depositions were taken and mailed in New York, but they did not reach Detroit, Minnesota, until after the issues were tried and submitted. The case was reached on the calendar and moved for trial on July 8, 1891. The defendant at that time moved the court for continuance over the July Term, but it was denied. Defendant, on November 9, 1891, moved the court on affidavits, to set aside the decision and judgment, and grant a new trial. The court denied the motion on the ground of laches. From that order this appeal is taken.

*Geo. W. Stewart,* for appellant.

The rules relating to continuances and adjournments applicable to jury cases are not adhered to, at all, in court cases. The fact that a party is not ready to proceed is ordinarily sufficient warrant for deferring the trial. Courts are always open for the trial of such cases, and no interests can possibly be jeopardized by granting continuances with liberality. No reason exists why the motion for a new trial should not have been granted, possibly on terms, but at any rate, it should have been allowed.

*Warner, Richardson & Lawrence,* for respondent, cited *Cheney* v. *Dry Wood Lumber Co.,* 34 Minn. 440; *Conklin* v. *Hinds,* 16 Minn. 457, (Gil. 411;) *Kimball* v. *Palmerlee,* 29 Minn. 302; *Collins* v. *Bowen,* 45 Minn. 186; *Desnoyer* v. *McDonald,* 4 Minn. 515, (Gil. 402;) *Myrick* v. *Pierce,* 5 Minn. 65, (Gil. 47;) *White & Marks* v. *Culver,* 10 Minn. 192, (Gil. 155;) *Merritt* v. *Putnam,* 7 Minn. 493, (Gil. 399;) *Groh* v. *Bassett,* 7 Minn. 325, (Gil. 254;) *Jorgensen* v. *Bochmer,* 9 Minn. 181, (Gil. 166.)

PER CURIAM. We are unable to say that the court was not justified in denying defendants' motion for a new trial.

The defendants' counsel was obliged to go to trial without depositions which he expected from New York, but no excuse is shown for

their apparent delay and laches in not taking and forwarding the depositions sooner. The case had been at issue for nearly six months in the district court of Becker county, when the court convened on July 6, 1891. No commission was issued, but defendants' attorney served notice under the statute, about June 10, of the taking of depositions in New York on July 3, 1891; but there is evidence tending to show that defendants' witnesses were not ready to go on at that date, and their counsel had notified some of them that they need not attend till July 7, and that one of plaintiff's attorneys who was present objected to the postponement. The case was called for trial on the 8th of July, when it had to be tried or be continued. As the defendants could not be ready before July 7th, the subsequent arrangement between counsel favoring the hearing for the 8th is not important, since a deposition taken on the 7th of July would in any event have been too late. Under the circumstances, we cannot hold that there was any abuse of discretion by the court in refusing a continuance, and we fail to see any legal ground for surprise. Defendants were not ready for trial, but there does not appear to be any good reason why they should not have been.

Order affirmed.